UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:18-CR-033 JD<br>3:23-CV-494 |
| DAVID GIBSON | |

**OPINION AND ORDER**

The defendant, David Gibson, proceeding *pro se*, has filed a motion pursuant to 28 U.S.C. § 2255 seeking a vacatur of his sentence. (DE 353.) Mr. Gibson was previously found guilty, after a jury trial, of one count of conspiring to distribute over one kilogram of heroin in violation of 21 U.S.C. § 846. Mr. Gibson was subsequently sentenced to 240 months of imprisonment. Mr. Gibson is plainly not entitled to relief on his motion, and it is therefore denied.

When a motion under § 2255 is filed, the Judge reviewing the motion is required to conduct a preliminary review. *See* Rule 4, Rules Governing Section 2255 Proceedings. If "it plainly appears from the motion … that the moving party is not entitled to relief, the judge must dismiss the motion." *Id.*

**A. Evidentiary Hearing**

As there are no material facts in dispute in this case and Mr. Gibson is entitled to no relief as a matter of law, no evidentiary hearing is required. A court must hold a hearing on a § 2255 petition only if there are disputed facts set forth by affidavits and a disputed material issue. *Taylor v. United States*, 287 F.3d 658 (7th Cir. 2002). If the factual dispute is immaterial because

the governing law is clear, no hearing is necessary. *Id.* Further, the court in which a prisoner files his § 2255 petition is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief …." *Sawyer v. United States*, 874 F.3d 276, 278 (7th Cir. 2017) (quoting 28 U.S.C. § 2255(b)). As discussed below, Mr. Gibson is entitled to no relief here, and therefore no evidentiary hearing need be held.

### B. Discussion

Mr. Gibson's motion is a single page and is somewhat unclear as to what argument or arguments he seeks to raise. He states, "21 USC 846 is too broad to categorically qualify as a controlled substance offense and should not trigger the mandatory minimum set out in 21 USC 841(b)(1)(A)." (DE 353.) He goes on to claim his counsel was ineffective for "failing to object to the court applying the mandatory minimum sentence in this case." (*Id.*) Following this second sentence Mr. Gibson cites to *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019) and *McFadden v. United States*, 576 U.S. 186 (2015).[1]

The issue is, neither of these cases involves a mandatory minimum sentence and it is therefore unclear how they relate to the text of Mr. Gibson's motion which speaks of an erroneously applied "mandatory minimum sentence." *Norman* involves a Sentencing Guidelines calculation dispute, specifically whether a 21 U.S.C. § 846 conviction constitutes a predicate "controlled substance offense" for applying an enhancement to the base offense level under U.S.S.G. § 2K2.1(a)(4). 935 F.3d at 237. *McFadden*'s relation to this case is even less clear as its

---

[1] Mr. Gibson's citation indicates *Norman* was quoting *McFadden*, but there is no mention of *McFadden* in *Norman*. Accordingly the Court construes his filing as separately referring to each of these cases.

holding is that the Government has the burden to establish that a criminal defendant knew he was dealing with a controlled substance. 576 U.S. at 188–89.

In consideration of Mr. Gibson's *pro se* status, the Court will liberally construe his motion and accordingly finds it raises two arguments. *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009) (*pro se* collateral review filings are construed liberally). The first argument the Court discerns is that Mr. Gibson challenges the mandatory minimum sentence applied to him pursuant to statute. The second argument is that there was error in his Sentencing Guidelines calculation.

The first argument that the Court discerns from Mr. Gibson is that his trial counsel was ineffective for failing to object to the Court applying a statutory mandatory minimum sentence. *See* 21 U.S.C. §§ 841(b)(1)(A), 851.[2] Specifically, Mr. Gibson argues that 21 U.S.C. § 846 is a categorical mismatch for a "controlled substance offense" and therefore it should not trigger the mandatory minimum sentence set out in 21 U.S.C. § 841(b)(1)(A).[3]

Mr. Gibson is not entitled to relief on this argument because it does not reflect the facts of his case. The Government sought, and obtained, an enhanced mandatory minimum sentence pursuant to § 841(b)(1)(A) based on Mr. Gibson's prior conviction in Wisconsin state court for possession with intent to distribute cocaine and not a prior conviction under § 846. (*See* DE 155.) In fact, according to the Presentence Investigation Report, prior to this case Mr. Gibson had no

---

[2] Section 846 specifies that the penalties for conspiracy are the same as those for the offense which was the object of the conspiracy. In this case Mr. Gibson conspired to violate 21 U.S.C. § 841(a) which prohibits manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a controlled substance. Section 841 has a statutory minimum sentence of 10 years imprisonment, which may be enhanced to 15 years if the defendant has a prior conviction for a "serious drug felony" or "serious violent felony." 21 U.S.C. § 841(b)(1)(A). The PSR reflects Mr. Gibson was sentenced with the 15-year enhanced mandatory minimum applied. (DE 231 ¶ 121.)

[3] The Court construes Mr. Gibson as possibly meaning "serious drug felony" as that is the statutory language used in § 841 and has a distinct legal meaning from the term "controlled substance offense."

3

convictions under § 846. (DE 231 ¶¶ 38–57.) Consequently, there is no prior § 846 conviction in his criminal history which could have triggered the enhanced mandatory minimum sentence.

The second potential argument which the Court discerns from the motion is that Mr. Gibson's Sentencing Guideline range was calculated incorrectly. The Court makes this inference based on Mr. Gibson's citation to *Norman* which found that 21 U.S.C. § 846 does categorically match "controlled substance offense" as defined by the Guidelines. The *Norman* court consequently found that the district court erred in using the defendant's prior § 846 conviction to apply an enhancement to his § 922(g)(1) sentence based on a prior controlled substance offense conviction.

This issue relates to Mr. Gibson's case as Mr. Gibson was found to be a career offender under the Guidelines. (DE 231 ¶ 24.) The career offender enhancement requires that the instant offense of conviction to be either a controlled substance offense or a crime of violence. U.S.S.G. § 4B1.1.(b)(1). As applied to Mr. Gibson, the enhancement set his Criminal History Category at VI and would have set his offense level at 37. *Id.* Therefore, Mr. Gibson may be arguing the career offender enhancement was inappropriately applied to him because his instant offense of conviction was under 21 U.S.C. § 846, which is not a categorical match for the Guidelines term "controlled substance offense."

However, even if this is the argument Mr. Gibson sought to make, he is not entitled to any relief as it is precluded by binding circuit precedent. The Seventh Circuit has expressly held that § 846 meets the Guidelines definition of a controlled substance offense and supports the application of the career offender enhancement. *United States v. Smith*, 989 F.3d 575, 585–86 (7th Cir. 2021).

4

Further, even if the Seventh Circuit had not rejected the position adopted by *Norman*, Mr. Gibson's Guidelines sentencing range would be the same with or without the enhancement. The Court will begin with the offense level calculation, which would be unchanged. Mr. Gibson's offense level at sentencing was 38, one point higher than the 37 required by the career offender enhancement, because the offense level calculated based on the amount of drugs involved in the crime and his enhancement for serving as an organizer or leader in extensive criminal activity was 38. (DE 231 ¶ 23.) Pursuant to the Guidelines, when the otherwise applicable offense level calculation is higher than the career offender offense level, the Court applies the higher of the two. U.S.S.G. § 4B1.1.(b)(1). This means that even if Mr. Gibson is correct and the career offender enhancement should not have been applied to him, his offense level for sentencing would be unchanged.[4]

The Court now turns to the criminal history calculation. Applying *Norman* would change the Criminal History Category, but not ultimately impact the Guidelines range and therefore would be harmless error. Mr. Gibson's criminal history yields 12 points, which results in a Criminal History Category of V. However, the career offender enhancement means Mr. Gibson was sentenced under a Criminal History Category of VI. (*See* DE 271 at 8:21–25.) Nonetheless, this alleged error does not affect the Guideline range as an offense level of 38, paired with either a History Category of V or VI, results in a recommended sentencing range of 360 months to life. U.S.S.G. § 5A. This is the Guidelines range which the Court applied during Mr. Gibson's sentencing. (DE 271 at 8:24–25.)

---

[4] Mr. Gibson has not raised any arguments attacking the proper calculation of the offense level based on the amount of drugs and his leadership role.

Moreover, the Court did not discuss the career offender enhancement status during the discussion of the § 3553(a) factors (*Id.* at 21:17– 28:10) and ultimately granted Mr. Gibson a five-level downward variance to sentence him to 240 months imprisonment. Based on the downward variance the Court granted based on the § 3553(a) factors, the fact Mr. Gibson's career offender status was not relevant to the § 3553(a) discussion, and the fact the Sentencing Guidelines range would have been the same even if *Norman* applied to this case, the Court finds any error in applying the career offender enhancement would be harmless. *Daniels v. United States*, 939 F.3d 898, 903–904 (7th Cir. 2019) (noting the Seventh Circuit has long held that "Guidelines-calculation errors that don't affect a defendant's sentencing range are harmless as a matter of law."); *United States v. Harmon*, 721 F.3d 877, 892 (7th Cir. 2013) (finding harmless error when the guidelines range was the same, 360 months to life, whether defendant was in criminal history category I or II).

Consequently, Mr. Gibson is plainly not entitled to any relief on his § 2255 petition and it must be denied.

**C. The Court will not issue a certificate of appealability**

The Court also declines to issue a certificate of appealability. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting

*Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see Young v. United States*, 523 F.3d 717 (7th Cir. 2008). For the reasons the Court already discussed in denying the motion, the Court does not believe that the resolution of this motion is debatable or that the issues deserve encouragement to proceed further.

The Court advises Mr. Gibson, though, that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. If Mr. Gibson wishes to appeal this judgment, a notice of appeal must be filed within 60 days after the judgment is entered. Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts; Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006).

### D. Conclusion

Accordingly, Mr. Gibson is not entitled to any relief on either of the arguments raised in his § 2255 petition his motion must be DENIED. (DE 353.)

SO ORDERED.

ENTERED: June 13, 2023

                                         /s/ JON E. DEGUILIO  
                                         Chief Judge  
                                         United States District Court