UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:18-CR-33 JD |
| (1) DAVID GIBSON | |

**OPINION AND ORDER**

The incarcerated defendant, David Gibson, has filed a motion captioned as a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. (DE 18.) For the following reasons the motion will be denied.

**A. Legal Standard**

Pursuant to Federal Rule of Criminal Procedure 33(a), "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." "Courts have interpreted Rule 33 to require a new trial 'in the interests of justice' in a variety of situations in which the substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989). However, subsections (b)(1) and (b)(2) place timing limitations for such motions. "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict of finding of guilty . . . ." Fed. R. Crim. P. 33(b)(1). "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).

There are other limitations as well. Granting a motion for a new trial "is reserved for only the most extreme cases." *United States v. Peterson*, 823 F.3d 1113, 1122 (7th Cir. 2016); *see also United States v. Coscia*, 4 F.4th 454, 465 (7th Cir. 2021) (noting that the courts approach motions for new trial with great caution and are wary of second-guessing jury determinations). "A jury verdict in a criminal case is not to be overturned lightly, and therefore a Rule 33 motion is not to be granted lightly." *United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994) (quoting *United States v. Morales*, 902 F.2d 604, 605 (7th Cir.), *amended on other grounds*, 910 F.2d 467 (7th Cir. 1990)). "The ultimate inquiry is whether the defendant was deprived of a fair trial." *United States v. Friedman*, 971 F.3d 700, 713–14 (7th Cir. 2020) (quoting *United States v. Lawrence*, 788 F.3d 234, 243 (7th Cir. 2015)). In considering a motion for a new trial, "a court may properly consider the credibility of the witnesses, and may grant a new trial if the verdict is so contrary to the weight of the evidence that a new trial is required in the interest of justice." *United States v. Washington*, 184 F.3d 653, 657 (7th Cir. 1999). In doing so, "the court considers whether the verdict is against the manifest weight of the evidence, taking into account the credibility of the witnesses." *Id*.

**B. Discussion**

The Court will not reach the merits of Mr. Gibson's motion as it is extremely untimely. The jury returned their verdict against Mr. Gibson on September 19, 2019. (DE 208.) The 14-day time period in which to file a motion for a new trial under Rule 33(b)(2) expired on October 3, 2019. The 3-year time period in which to file a motion for new trial based on newly discovered evidence under Rule 33(b)(1) expired on September 19, 2022. Mr. Gibson did not file his motion until January 19, 2024. (DE 356.) Further, Mr. Gibson does not even identify any new evidence

in his motion despite the conclusory assertion that his motion is "based on new evidence." (*Id.* at 1.) The Government argues this untimeliness alone is a sufficient basis to deny Mr. Gibson's motion before reaching the merits. The Court agrees. Rule 33's time limitations create a mandatory claims processing rule which must be enforced if it is properly invoked. *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (Rule 33's time limit sets forth a non-jurisdictional claims processing rule); *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (if properly invoked, mandatory claims processing rules must be enforced). The Government has properly invoked the rule and Mr. Gibson's motion is extremely untimely and therefore the Court must enforce the rule and deny his motion without reaching the merits.

Even if the Court considered the merits of Mr. Gibson's claim he has failed to make the requisite showing. To prevail on a Rule 33 motion on the basis of newly discovered evidence, a defendant must show that he has obtained new evidence that "(1) was discovered after trial, (2) could not have been discovered sooner through the exercise of due diligence, (3) is material and not merely impeaching or cumulative, and (4) probably would have led to acquittal." *Coscia*, 4 F.4th at 465 (7th Cir. 2021) (quoting *United States v. O'Malley*, 833 F.3d 810, 813 (7th Cir. 2016)). Mr. Gibson has failed to meet any of these elements as he has not identified the purported new evidence. This provides the Court an alternative basis to deny his motion.

Lastly, to the extent Mr. Gibson sought for the Court to construe his motion as a collateral attack upon his conviction, the Court would deny such an effort as an unauthorized successive motion. Mr. Gibson previously filed a 28 U.S.C. § 2255 petition which this Court denied. (DE 354.) Under the statute, Mr. Gibson is precluded from filing a second or successive § 2255 petition without permission of the United States Court of Appeals for the Seventh Circuit. 28 U.S.C. § 2255(h). The Seventh Circuit recently denied a request by Mr. Gibson for such

permission. (DE 363.) Consequently, if the Court construed this motion as a § 2255 petition, the Court would be obligated to deny it out of hand as an unauthorized successive petition. 28 U.S.C. §§ 2255(h), 2244.

### C. Conclusion

For these reasons, the motion for a new trial will be denied.

SO ORDERED.

ENTERED: May 20, 2024

                                              /s/ JON E. DEGUILIO  
                                              Judge  
                                              United States District Court